IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BRENFORD ENVIRONMENTAL
SYSTEM, L.P.,

Plaintiff,

v.                                                                    CIVIL 09-01036 (JA)

PIPELINERS OF PUERTO RICO, INC.,
A/K/A THE OIL & GREASE COMPANY,
INC.; ENDURANCE REINSURANCE
CORPORATION OF AMERICA; JOHN
DOE; ABC CORP.; AND XYZ
INSURANCE COMPANY,

Defendants

OPINION AND ORDER

This matter is before the court on two motions to compel production of documents filed by plaintiff, Brenford Environmental Systems, L.P., against the defendants Pipeliners of Puerto Rico, Inc. ("Pipeliners"), filed on May 24, 2010 and against Endurance Reinsurance Corporation of America ("ERCA"), filed on June 1, 2010.  (Docket Nos. 41 and 43.)  Pipeliners did not file an opposition to the motion to compel.  ERCA filed an opposition to plaintiff's motion on June 16, 2010.  (Docket No. 44.)  For the reasons stated below, plaintiff's motion to compel production against Pipeliners is GRANTED and plaintiff's motion to compel production against ERCA is DENIED.

CIVIL 09-1036 (JA)                                        2

## BACKGROUND

Pipeliners was awarded the bid for a sewer rehabilitation contract by the Puerto Rico Aqueduct and Sewer Authority ("PRASA") for the cleaning and inspection of the Miramar Sanitary Sewer Main (the "Project"). Plaintiff and Pipeliners entered into an agreement where plaintiff leased to Pipeliners the equipment and consultants required to complete the Project. (Docket No. 1, at 5, ¶ 9.) According to plaintiff, Pipeliners was contractually obligated to make lease payments for the rented equipment, consultant fees and miscellaneous expenses associated with the cleaning and inspection of the sewer main. (Id. at 7, ¶ 15.)

Pipeliners obtained a Surety Bond from ERCA to guarantee payment to all subcontractors. According to plaintiff, the Surety Bond enables plaintiff to collect payment from Pipeliners or ERCA. Plaintiff filed this action against Pipeliners and ERCA on January 13, 2009, alleging that they are jointly and severally liable for the amount of the invoices and damages due to Pipeliners' alleged breach of contract. Pipeliners counterclaimed alleging breach of contract against plaintiff and to recoup the amount already paid to plaintiff in the form of rental payments and the deposit.

The parties filed a Joint Discovery Conference Report with this court on August 26, 2009. According to the report, document requests and interrogatories

CIVIL 09-1036 (JA)                              3

were to be served by October 1, 2009 and answers were to be served within 45 days or by November 16, 2009.  (Docket No. 31, at 2.)  On a joint motion, on May 27, 2010, this court extended the discovery deadline to September 15, 2010. (Docket No. 42.)

1.    Motion to Compel Production Against Pipeliners

Plaintiff sent a document request to Pipeliners on October 20, 2009. Pipeliners had 45 days to respond, but plaintiff received no response.  On December 7, 2009, plaintiff sent a letter to Pipeliners requesting a response to the discovery request; again plaintiff received no response.  The parties had a conference call on January 21, 2010, during which Pipelines assured plaintiff that it would receive a response to its document request by the beginning of the following week.  When plaintiff received no response, it sent yet another letter to Pipeliners on February 2, 2010, again seeking a response.  Pipeliners responded on February 3, objecting to many of the requests, and not providing plaintiff with any documents until February 9, when counsel conferred to discuss the objections. On February 11, 2010, after reviewing the documents received on February 9, plaintiff confirmed that the response was incomplete and requested the remaining documents.

On February 26, 2010, plaintiff sent a letter to Pipeliners outlining its opposition to Pipeliners' objections to the document request. First, plaintiff argued

CIVIL 09-1036 (JA)                         4

that the objections were waived due to Pipeliners' delay in responding to the document request. Second, even if the objections are not waived, they are without merit because they are conclusory and do not explain the basis of the objection. Lastly, plaintiff requested that the parties meet to discuss the discovery issues.

Pipeliners agreed to meet and after plaintiff made several attempts to schedule a conference to resolve the discovery dispute, Pipeliners responded and a meeting was held on April 14. On April 16, 2010, plaintiff sent a letter to Pipeliners confirming the agreement reached at the April 14 meeting. Pipeliners agreed to provide additional documents by May 14, 2010. On May 13, 2010, plaintiff provided Pipeliners with an extension until May 21. As of May 24, 2010, the date of this motion, plaintiff has not received the agreed upon documentation from Pipeliners.

2.    Motion to Compel Production Against ERCA

Plaintiff sent a document request to ERCA on October 28, 2009. ERCA responded on December 18, 2009. Several discovery issues were subsequently raised by both parties. In ERCA's response to plaintiff's request for production of documents, ERCA objected to many requests based on relevance. On January 5, 2010, plaintiff sent a letter to ERCA objecting to the response to plaintiff's document request. On March 30, ERCA reaffirmed its objections and notified

CIVIL 09-1036 (JA)                              5

plaintiff that it objected to several of plaintiff's responses to ERCA's interrogatory requests. ERCA suggested that the parties meet to discuss the discovery disputes. The next day, plaintiff agreed and a conference was held on April 5, 2010.

On April 6, plaintiff sent a letter to ERCA summarizing the resolution. ERCA agreed to provide additional documents, while plaintiff agreed to amend its responses to ERCA's interrogatory requests; no deadline was imposed. On May 21, 2010, plaintiff provided ERCA with its amended responses and requested the additional documents from ERCA. On May 27, 2010, the court approved a joint motion to extend the discovery deadline to September 15, 2010. Plaintiff then filed the instant motion on June 1, 2010. ERCA opposed the motion on June 16, 2010.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party . . . to inspect, copy . . . any designated documents . . . ." Fed. R. Civ. P. 34(a)(1)(A). Subsection (b)(2)(A) of Rule 34 requires that "[t]he party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). In this case, the

CIVIL 09-1036 (JA)                              6

Joint Discovery Report allowed the parties to respond within 45 days. (Docket No. 31, at 2.) Subsection (b)(2)(B) further requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure allows "[a] party seeking discovery [to] move for an order compelling . . . production . . . . This motion may be made if . . . (iv) a party fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Plaintiff filed two motions requesting that this court order the defendants, Pipeliners and ERCA, to produce documents responsive to plaintiff's request for documents.

      A.    Motion to Compel Against Pipeliners

Pursuant to Local Rule 7(b), "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, . . . the opposing party shall be deemed to have waived objection." <u>Local Rules of the U.S. Dist. Court for the Dist. of P.R.</u> Rule 7(b). The defendant did not file an opposition, therefore any objection is waived.

Plaintiff's motion to compel requires the determination of several issues. First, plaintiff argues that Pipeliners' objections to the request for production of

CIVIL 09-1036 (JA)                              7

documents are waived as they were untimely.  Next, plaintiff argues that even if the failure to timely object is excused, Pipeliners has not sufficiently explained its justification for the objections.  Pipeliners' objections are based on the ground that the request is "vague, overly broad and unduly burdensome." (Docket No. 41-4, at 1.)  Finally, plaintiff requests that this court order Pipeliners to produce the requested documents as Pipeliners has agreed.

Again, under Rule 34(b)(2)(B) a party is required to state that the documents will be produced or state the objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).  It is within the court's discretion to determine that "[i]f the responding party fails to timely object or state the reason for the objection, he or she may be held to have waived any objections." Rivera v. Kmart Corp., 190 F.R.D. 298, 300 (D.P.R. 2000) (citing Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991)); see also Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) (quoting Slauenwhite v. Bekum Maschinenfabriken, GMBH, 35 Fed. R. Serv. 2d 975 (D. Mass. 1983)) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.  'Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.'") (citations omitted).

CIVIL 09-1036 (JA)                              8

It is clear that failure to comply with Rule 34(b) does not automatically result in waiver of an objection; it is within the court's discretion to decline to compel the production of requested documents even if a timely objection is not made.  Rivera v. Kmart Corp., 190 F.R.D. at 300. ("A party's slip . . . will not necessarily short-circuit his or her efforts to preserve a privileged document confidential.")  Although it may be possible for the court to find good cause and excuse the failure to timely object, such as on privilege grounds, an objection that a request is "vague, overly broad and unduly burdensome" is the type of objection that is waived by a party's failure to timely object to the document request. Krewson v. City of Quincy, 120 F.R.D. at 7.

Pipeliners was served with a document request on October 20, 2009. Pursuant to the Joint Discovery Conference Report, a response should have been sent to plaintiff within 45 days.  Pipeliners did not communicate with plaintiff regarding a response until January 21, 2010, where at such time, Pipeliners assured plaintiff that a response was forthcoming.  After plaintiff sent another inquiry to Pipeliners on February 2, it finally responded to plaintiff's document request on February 3, 2010, 61 days late.  It is clear that Pipeliners waived its objections by not objecting in a timely manner, as required by Rule 34(b)(2).

CIVIL 09-1036 (JA)                                    9

Alternatively, even if Pipeliners was able to persuade the court that its failure to timely object should be excused[1], its objections are insufficient. Rule 34(b)(2)(C), requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. Proc. 34(b)(2)(C). As plaintiff argues, objections based on the ground that the request is "vague, overly broad and unduly burdensome" are without merit.

"Asserting a general objection to a request for production of documents does not comply with Rule 34(b) of the Federal Rules of Civil Procedure." Rivera v. Kmart Corp., 190 F.R.D. at 301; see also Bank of Mongolia v. M&P Global Fin. Servs., Inc., 258 F.R.D. 514, 519 (S.D. Fla. 2009), reconsideration denied, 2009 WL 3294810 (S.D. Fla. Oct. 13, 2009) ("Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless and fail to comply with . . . Rule 34's requirement that objections contain a statement of reasons.")  "It is well settled that:

> [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden . . . . [T]he "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." . . . "On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory [or request for production] is not

---

[1] Pipeliners has not proffered any reason for its delay in responding to plaintiff's discovery requests, nor did it file an objection to this motion.

CIVIL 09-1036 (JA)                               10

>    relevant or how each question is overly broad, burdensome or oppressive.'"'"

Aponte-Navedo v. NALCO Chem. Co., ___ F.R.D. ___ , 2010 WL 2000317, at *5 (D.P.R. May 20, 2010) (quoting Sánchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 24, 27 (D.P.R. 2009) (quoting St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (citations omitted)).

In light of Pipliners' failure to timely object to plaintiff's document requests or to provide specific reasons for its objections, the court holds that Pipeliners' objections to the requests are waived.

Furthermore, Pipeliners has not provided any excuse for its failure to produce the requested documents.  Since the document request was filed, Pipeliners has not complied with any deadline; not the 45 days allowed by the Federal Rules, nor deadlines that were mutually agreed-upon, and not even self-imposed deadlines.  The court expects that self-imposed deadlines and mutually agreed upon dates will be met. See Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002)) ("[w]hen a litigant . . . proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline.").

Plaintiff's motion to compel production of documents as to Pipeliners is GRANTED.

CIVIL 09-1036 (JA)                                  11

B.     Motion to Compel Against ERCA

Plaintiff requests that this court order ERCA to produce all documents it failed to provide in its initial response and those that the parties agreed upon at the April 5 meeting.  Plaintiff concludes that "due to the continuing delay tactics and non-compliance, [plaintiff] has no other alternative but to seek assistance from this Honorable Court . . . . " (Docket No. 43, at 3, ¶ 9.)  Plaintiff does not allege that ERCA failed to comply with a specific deadline or was non-responsive to its requests.

Alternatively, ERCA argues that the motion should be denied because plaintiff has not complied with Local Rule 26, which requires that a moving party make "a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion."  <u>Local Rules of the U.S. Dist. Court for the Dist. of P.R.</u> Rule 26(b).  "Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) requires that before filing a motion to compel, the moving party has to certify that it 'has made a reasonable and good-faith effort to [try and solve the discovery dispute] with opposing counsel' without the court's intervention."  <u>Aponte-Navedo v. NALCO Chem. Co.</u>, ___ F.R.D. ___ , 2010 WL 2000317, at *10 (quoting <u>Local Rules of the U.S. Dist. Court for the Dist. of P.R.</u> Rule 26(b)).

CIVIL 09-1036 (JA)                                    12

To date, ERCA has produced over 1,000 pages of documents, has shown a good faith effort in resolving the discovery disputes evidenced by its consistent communication with plaintiff and has agreed to produce additional documents. Although plaintiff certifies that "it has made reasonable and good faith efforts to reach an agreement with opposing counsel . . . in compliance with Local Rule 26," (Docket No. 43, at 3, ¶ 9), I find that they did not.  Plaintiff does not offer evidence to substantiate its certification, nor the claim that ERCA has engaged in "continuing delay tactics."  Morever, in ERCA's opposition to the motion, it asserts that it is working on its amended responses and they are forthcoming.  Therefore, plaintiff's motion to compel production of documents against ERCA is DENIED.

## CONCLUSION

In view of the above, plaintiff's motion to compel production against Pipeliners is GRANTED and plaintiff's motion to compel production against ERCA is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, this 2d day of August, 2010.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge